IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| **JAMES CABLE and DENISE CABLE,** | : | CIVIL ACTION |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | NO.  12-cv-96-JD |
| | : | |
| **ALLIED INTERSTATE, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

_____

**DuBOIS, J.**                                                                                                                **May 11, 2012**

**M E M O R A N D U M**

**I. INTRODUCTION**

      In this case, Plaintiffs filed suit against defendant for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692d and 1692f, and state-law invasion of privacy. Defendant now moves this Court to transfer this action to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, the Court grants defendant's motion.

**II. BACKGROUND**

      Plaintiffs James Cable and Denise Cable are adult individuals residing in Dover, Pennsylvania. (Compl. ¶ 3.) Defendant is a corporation with headquarters in New York, New York. (Entity Information for Allied Interstate, Inc., New York State Department of State, Pls.' Mem. Law Contra Def.'s Mot. Transfer Venue Ex. A.) Plaintiffs allege in the Complaint that defendant is primarily engaged in the business of debt collection. (Compl. ¶¶ 7–8.) As a debt collector, defendant allegedly calls individual consumers in an attempt to collect debts that it believes are due to third parties. (Id.) Plaintiffs aver that, in so doing, defendant directs

consumers to call certain toll-free telephone numbers regarding their alleged debts. (Id. ¶¶ 11–12.) According to plaintiffs, if defendant does not answer when consumers call these toll-free telephone numbers, the calls are routed to plaintiffs' home telephone number. (Id. ¶ 13.) Plaintiffs claim to have received "well over one hundred calls from various debtors attempting to return [defendant's] collection calls or trying to reach [defendant] in response to its collection [calls]" since May 2011. (Id. ¶ 14.)

Plaintiffs state in the Complaint that they have repeatedly contacted defendant, the Better Business Bureau, and the Pennsylvania Attorney General's Office to remedy this situation, without success. (Id. ¶¶ 17–19.) Plaintiffs filed suit in this Court on January 9, 2012, asserting claims under the FDCPA and state law.

### III. LEGAL STANDARD

Defendant seeks to transfer this case to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). Section 1404(a) permits transfers of venue, stating, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Once a court determines that venue would be proper in another district, the court must consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).

The "burden of establishing the need for transfer . . . rests with the movant." Id. (citations omitted). Although the decision to transfer "'is in the court's discretion, . . . a transfer is not to be liberally granted.'" Yocham v. Novartis Pharm. Corp., 565 F.Supp.2d 554, 557 (D.N.J. 2008) (quoting Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970)).

## IV. DISCUSSION

Defendant has moved under 28 U.S.C. § 1404(a) to transfer this case to the Middle District of Pennsylvania. As stated above, § 1404(a) requires the Court to answer two questions in this case: First, could plaintiffs have brought this case in the Middle District of Pennsylvania? Second, is a transfer in the interest of justice? This Memorandum will address each question in turn.

### A. The Middle District of Pennsylvania Is an Appropriate Venue for this Case

Under 28 U.S.C. § 1391(b), venue is proper in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." For the purpose of § 1391(b), a corporate defendant resides in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." Id. § 1391(c)(2).

There is no dispute that defendant would be subject to personal jurisdiction in the Middle District of Pennsylvania. Thus, defendant—the sole defendant in this case—resides in the Middle District of Pennsylvania for the purpose of § 1391 and venue is proper in the Middle District of Pennsylvania under § 1391(b)(1). Further, venue is proper in the Middle District of Pennsylvania under § 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim occurred" in Dover, Pennsylvania, which is in that District.

Accordingly, the Court concludes that the case could have been brought in the Middle District of Pennsylvania.

**B. Transferring this Case to the Middle District of Pennsylvania Is in the Interest of Justice**

28 U.S.C. § 1404(a) states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Third Circuit has identified a number of public and private interests that courts are to consider in deciding a motion to transfer pursuant to § 1404(a). See Jumara, 55 F.3d at 879. "Private interests" include plaintiff's forum preference as manifested in the original choice; defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses; and the location of books and records. Id. at 879. "Public interests" include the enforceability of the judgment; practical considerations that could make the trial relatively easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases. Id. at 879–80. The Court addresses each interest in turn.

### 1. Private Factor Number One: Plaintiff's Choice of Venue

Generally, a court should give a plaintiff's choice of venue substantial weight in determining whether to grant a motion to transfer under § 1404(a). See Shutte, 431 F.2d at 25. However, a plaintiff's choice of venue is given less weight if the plaintiff chooses a venue in which he or she does not reside and in which none of the operative facts giving rise to the suit occurred. See, e.g., Schoonmaker v. Highmark Blue Cross Blue Shield, No. 09-703, 2009 WL 3540785, at *1 (E.D. Pa. Oct. 30, 2009); Hamilton v. Nochimson, No. 09-2196, 2009 WL 2195138, at *3 (E.D. Pa. July 21, 2009).

Plaintiffs opted to file their Complaint in the Eastern District of Pennsylvania. However, they reside in the Middle District of Pennsylvania. Moreover, none of the operative facts giving rise to the suit occurred in the Eastern District of Pennsylvania; they occurred in either the Middle District of Pennsylvania or the Southern District of New York. Thus, plaintiffs' choice of venue is not determinative, although it does weigh against transfer.

### 2. Private Factor Number Two: Defendant's Choice of Venue

"The second factor, defendant's forum choice, is 'entitled to considerably less weight than [p]laintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another.'" Coppola v. Ferrellgas, Inc., 250 F.R.D. 195, 198 (E.D. Pa. 2008) (quoting EVCO Tech. & Dev. Co. v. Precision Shooting Equip., Inc., 379 F. Supp. 2d 728, 730 (E.D. Pa. 2003)). Nevertheless, defendant prefers to litigate this suit in the Middle District of Pennsylvania, which weighs in favor of transfer.

### 3. Private Factor Number Three: The Claim Arose Elsewhere

"When the vast majority of the acts giving rise to plaintiff's claims take place in another forum, that weighs heavily in favor of transfer." Hamilton, 2009 WL 2195138, at *3; see also Hayes v. Transcor Am., LLC, No. 08-293, 2009 WL 1795309, at *4 (E.D. Pa. June 23, 2009). Most cases involving claims under the FDCPA hold that such a "'claim arises in the district in which the plaintiff received the offending communication or debt collection letter.'" Apostolou v. Mann Bracken, LLC, No. 07-4950, 2009 WL 1312927, at *11 (D.N.J. May 1, 2009) (quoting Maloon v. Schwartz, Zweban & Slingbaum, LLP, 399 F. Supp. 2d 1108, 1114 (D. Haw. 2005)); see also, e.g., Bates v. C & S Adjusters, Inc., 980 F.2d 865, 868 (2d Cir. 1992); Russey v. Rankin, 837 F. Supp. 1103, 1105 (D.N.M. 1993); Lachman v. Bank of La. in New Orleans, 510 F. Supp. 753, 760 (N.D. Ohio 1981).

Plaintiffs received the "offending communication[s]" in this case in the Middle District of Pennsylvania. Apostolou, 2009 WL 1312972, at *11. Plaintiff's claims are wholly unrelated to the Eastern District of Pennsylvania. Because the acts giving rise to plaintiffs' claims took place solely in the Middle District of Pennsylvania, the third private factor weighs heavily in favor of transfer.

### 4. Private Factor Number Four: Convenience of the Parties

Both parties claim that their preferred forum would be more convenient. Defendant points out that plaintiffs live more than one hundred miles from Philadelphia, where this Court resides. Plaintiffs argue that plaintiffs' counsel is based in Philadelphia, making it easier to litigate here than in the Middle District of Pennsylvania. Further, plaintiffs argue that Philadelphia is closer to New York City, making this Court more convenient for defendant. The Court concludes that this factor does not weigh in either party's favor, as neither forum is likely to be substantially more convenient for the parties than the other.

### 5. Private Factor Number Five: Convenience of the Witnesses

A court may consider the convenience of witnesses when ruling on a § 1404(a) motion, "but only to the extent that the witnesses may actually be unavailable for trial in one of the fora." Jumara, 55 F.3d at 879; see also Lempke v. Gen. Elec. Co., No. 10-5380, 2011 WL 3739499, at *3 (E.D. Pa. Aug. 25, 2011). Defendant has "the burden of identifying witnesses who would be unavailable at trial." Brenner v. Consol. Rail Corp., No. 09-1574, 2009 WL 2710241, at *3 (E.D. Pa. Aug. 26, 2009).

In this case, defendant argues that certain witnesses would be beyond the subpoena power of this Court. However, defendant has not met its burden of demonstrating "that [it] would attempt to call any or all of [the unidentified witnesses it cites]," or that those witnesses "would

6

refuse to attend voluntarily." Brenner, 2009 WL 2710241, at *3. In fact, defendant has not identified any specific witness it plans to call who might be unavailable for trial in this District.

Plaintiffs argue that certain employees of defendant would be beyond the subpoena power of a court in the Middle District of Pennsylvania. However, plaintiffs have failed to identify any of these witnesses or demonstrate that they would refuse to attend voluntarily, and thus the Court cannot determine whether this is actually the case. Further, defendant "submits that, if there are any witnesses from [defendant's] New York office who have discoverable information, [defendant] will make these witnesses available." (Reply Def. Further Supp. Mot. Transfer Venue 7.)

Because neither party has specifically identified any witnesses who might be unavailable for trial in this District, and because defendant has agreed to make available "any witnesses from [defendant's] New York office who have discoverable information," (id.), this factor does not weigh in favor of either party.

### 6. Private Factor Number Six: Location of Books and Records

Neither party has produced evidence relating to any books or records. Although defendants argue that medical records and records of communications between plaintiffs and the Pennsylvania Attorney General's Office are likely to be located near plaintiffs' residence in the Middle District of Pennsylvania, plaintiffs argue that records demonstrating defendant's malfeasance are likely to be located in New York City, which is closer to this Court than to any court in the Middle District of Pennsylvania. However, as the court in Brenner stated, any books or records "that would be needed at trial could easily and inexpensively be transported . . . either electronically or physically." 2009 WL 2710241, at *3. Thus, this factor does not weigh in favor of either party.

### 7. Public Factor Number One: Enforceability of Judgment

As neither party makes any argument regarding this factor, the Court will not address it.

### 8. Public Factor Number Two: Practical Considerations

Defendant argues that many of the witnesses who will testify at trial are located in the Middle District of Pennsylvania, including plaintiffs' minor children, medical providers, and representatives from the Pennsylvania Attorney General's Office. Plaintiffs argue that witnesses from defendant's office in New York City will most likely be closer to this Court than the Middle District of Pennsylvania. The Court concludes that this factor does not weigh either for or against transfer, especially because neither party has identified any specific witnesses they plan to call.

### 9. Public Factor Number Three: Court Congestion

Defendant cites the most recent Annual Report of the Administrative Office of the United States District Courts, which states that the median time from filing to disposition in the Eastern District of Pennsylvania is six months, while the median time from filing to disposition in the Middle District of Pennsylvania is five-and-a-half months. Admin. Off. of the U.S. Courts, Annual Report of the Director 175 tbl. C-5 (2010), available at http://www.uscourts.gov/uscourts/Statistics/JudicialBusiness/2010/judicialbusinespdfversion.pdf. Although this difference is not substantial, this factor weighs slightly in favor of transfer.

### 10. Public Factor Number Four: Local Interest

The Middle District of Pennsylvania has substantially more interest in this case than does this Court. Plaintiffs live in the Middle District of Pennsylvania and suffered all of their injuries there. This case has no relation to the Eastern District of Pennsylvania other than the location of plaintiffs' counsel. Thus, this factor heavily favors transfer.

### 11. Public Factors Numbers Five and Six: Public Policies and Familiarity with State Law

Neither party makes any argument as to the fifth or sixth public factors, and thus the Court declines to address them.

### C. Conclusion

Although plaintiffs' choice of forum (the first private factor) is entitled to some weight, that weight is diminished because the Eastern District of Pennsylvania is not plaintiffs' home forum and none of the operative facts occurred here. A number of factors weigh against plaintiffs' choice of forum: Defendant prefers to litigate this case in the Middle District of Pennsylvania (the second private factor), and the claim arose in the Middle District of Pennsylvania (the third private factor). Further, the Middle District of Pennsylvania is slightly less congested (the third public factor). Finally, the Middle District of Pennsylvania has a much stronger interest in deciding this controversy (the fourth public factor).

In short, this case has nothing to do with the Eastern District of Pennsylvania and should be heard in the Middle District of Pennsylvania. The Court thus concludes that defendant has met its burden of demonstrating that transferring this case to the Middle District of Pennsylvania would be in the interest of justice.

## V. CONCLUSION

For the reasons stated above, the Court grants defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a).

An appropriate Order follows.